**Matter of EDEN EQUIPMENT CORPORATION, Alleged Bankrupt.**

United States District Court
S. D. New York.
Oct. 19, 1959.

Levin & Weintraub, New York City, Ronald Levy, New York City, of counsel, for receiver.

S. Hazard Gillespie, Jr., U. S. Atty., for Southern District of New York, New York City, Paul L. Meaders, Asst. U. S. Atty., New York City, of counsel, for United States.

Finkel & Nadler, New York City, for City Marshal Benjamin Weisbrod.

SUGARMAN, District Judge.

Alfred Seelen, receiver of the assets of Eden Equipment Corporation, moves by show cause order dated September 11, 1959, for an order directing that property of the alleged bankrupt be turned over to him for the purpose of sale and for a further order transferring the liens, if any, of a judgment creditor and the Director of Internal Revenue to the proceeds of sale pending a further determination of this court as to the validity of such liens.

Eden Equipment Corporation was engaged in manufacturing beauty shop and barber shop equipment in this district.

The following are the facts pertinent to the instant application:

On November 22, 1957, an assessment was made against the alleged bankrupt for the failure to pay withholding taxes to the Internal Revenue Service. On November 21, 1958, a notice of tax lien was filed with the Register of the City of New York. The outstanding amount of that lien is $927.20. On January 14, 1959, a judgment was recovered against the alleged bankrupt in the Municipal Court of the City of New York for $2,-540.50 by Werner Krebs. The judgment creditor issued an execution against the alleged bankrupt and delivered it to a Marshal of the City of New York who seized certain assets of the alleged bankrupt in February of 1959. However, pursuant to an arrangement with the alleged bankrupt whereby certain monthly payments would be made on the judgment, the Marshal released his levy and accepted instalment payments in consideration thereof. Under this arrangement the alleged bankrupt reduced the amount of the judgment to the approximate sum of $996.30.

In the meantime two other assessments for federal taxes were made against the alleged bankrupt: on March 13, 1959, in the amount of $2,050.17 and on June 19, 1959, in the amount of $2,-794.78. On August 12, 1959, a notice of federal tax lien was filed with the Register of the City of New York, County of New York, covering these two assessments.

On August 31, 1959, an assignment for the benefit of creditors was made by the alleged bankrupt to Samuel P. Adelman, which was recorded with the County Clerk of New York County on September 1, 1959. The assignee took possession of the assets of the alleged bankrupt which were located at its place of business.

On September 2, 1959, a seizure of the assets of the alleged bankrupt, located at its place of business, was made by the Internal Revenue Service. This seizure was made pursuant to Section 6331 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6331. The involuntary petition in bankruptcy was thereafter filed at 1:05 p. m. on September 3, 1959. The movant was appointed receiver on September 4, 1959.

The United States had actual possession of the property at the time of the

filing of the petition in bankruptcy and at the time of the appointment of the receiver herein.

The receiver first relies on Section 2, sub. a(21) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(21), as authority for the order he seeks in this proceeding. His argument runs thus: "* * * by virtue of Section 2(a) (21), this Court has summary jurisdiction and may properly require assignees for the benefit of creditors to deliver property in their possession * * * this Court has constructive possession of the assets in the actual possession of an assignee for the benefit of creditors * *."

Section 2, sub. a(21) provides:

"The * * * courts of bankruptcy * * * are hereby invested * * * with * * * jurisdiction * * * to * * *

"(21) Require receivers or trustees, appointed in proceedings not under this Act, assignees for the benefit of creditors, and agents authorized to take possession of or to liquidate a person's property to deliver the property in their possession or under their control to the receiver or trustee appointed under this Act * * *".

The bankruptcy court may act under that section to compel the delivery by third parties to "the receiver or trustee appointed under this Act" only of "property *in their possession* or *under their control*".

As above stated, at the time of the filing of the involuntary petition in bankruptcy herein, the assignee for the benefit of creditors had already lost possession and control of the assets to the United States. Therefore Section 2, sub. a(21) does not aid petitioner.

Receiver next relies on Section 67, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c, asserting that "although the [Internal Revenue] Director's lien may be valid as against the assignee for the benefit of creditors, said lien is invalid as against the receiver herein under Section 67(c) of the Bankruptcy Act". The receiver reads Section 67, sub. c, to provide that "where the United States has failed to hold a sale prior to a petition in bankruptcy and has failed to acquire possession of the assets of the alleged bankrupt prior to the petition in bankruptcy, that said lien is subordinate to administration claims and wage claims".

Movant's reliance on that section is misplaced because first, he is not a trustee in bankruptcy, and second the United States did acquire possession of the personal property by actual seizure before the involuntary petition.

The motion is denied. It is so ordered.